Linda B. Oliver (CA Bar No. 166720)
loliver@maynardcooper.com
MAYNARD COOPER & GALE LLP
275 Battery Street, Suite 1350
San Francisco, CA 94111
Telephone: (415) 591-8265
Facsimile: (205) 714-6450

Michael D. Mulvaney (*pro hac vice* application pending)
mmulvaney@maynardcooper.com
Christopher C. Frost   (*pro hac vice* application pending)
cfrost@maynardcooper.com
MAYNARD COOPER & GALE
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203
Telephone: (205) 254-1000
Facsimile: (205) 254-1999

Attorney for Defendant
Hartford Casualty Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| G. GRANT JOHNSON, | Case No.: 3:15-cv-04138 |
| Plaintiff, | DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL |
| vs. | |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Defendant | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF

RECORD:

1

DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Hartford Casualty Insurance Company ("Hartford Casualty") hereby removes to this Court the state court action described herein on the grounds set forth below.

1. On August 13, 2015, plaintiff G. Grant Johnson ("Plaintiff") commenced this putative class action asserting causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief and violation of California Business & Professions Code § 17200 *et seq.*, arising from Hartford Casualty's alleged policies and practices for depreciating and determining the actual cash value ("ACV") of a destroyed or damaged covered structure. (Complaint ["Compl."] at ¶¶ 5-18, 27-52.)

2. The Complaint names as a Defendant, Hartford Casualty Insurance Company, an Indiana corporation with its principal place of business in Connecticut. (Compl. at ¶ 3.)

3. This action was commenced in the Superior Court of the State of California for the County of San Francisco, entitled *G. Grant Johnson, on behalf of himself and a class of similarly situated persons, v. Hartford Casualty Insurance Company, et al.*, Case No. CGC-15-547372. Because the Superior Court of the State of California for the County of San Francisco is located within the Northern District of California, this Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached all pleadings filed and served upon them in the state court proceedings as Exhibit A. A true and correct copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the San Francisco Superior Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

5. Defendant Hartford Casualty was served with the summons and complaint in this lawsuit on August 14, 2015. Thus, this Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446.

6. The state court action is removable to this Court, and this Court has jurisdiction over this action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as 28 U.S.C. § 1441 (a) and (b), and 28 U.S.C. § 1453, because, as discussed below, this is a putative class action involving more than 100 putative class members, the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000, and there is minimal diversity. As a separate and independent basis for jurisdiction, this action is also removable under 28 U.S.C. § 1332(a) because the named Plaintiff is diverse from Hartford Casualty and the amount in controversy as to his claims exceeds $75,000.

**I. This Court Has Jurisdiction Over this Action Under CAFA.**

7. Plaintiff filed this putative class action on behalf of "[a]ll California residents insured under a Hartford insurance [sic] who suffered a partial loss of a covered structure within the applicable statute of limitations period including any period of tolling who was not paid the limits of the applicable coverage and whose indemnity payment for the structure was decreased as a result of depreciation of sales tax and/or one or more of the following structural components: baseboards/trim, cement/concrete/asphalt, doors, drywall, electrical wiring, fireplace, framing/rough carpentry, insulation, lath and plaster, masonry, marble, ornamental iron, plumbing, stucco and/or stairs." (Compl. at ¶ 2.)

8. The gravamen of the Complaint is that Hartford Casualty allegedly took depreciation on structural components not subject to depreciation under California law and the underlying insurance contract, took depreciation on sales tax, and failed to document the basis for such deductions. (Compl. at ¶ 16.) Plaintiff specifically alleges with respect to his claim that Hartford Casualty should not have taken depreciation in the amount of $36,858.69 on items "not normally subject to repair and replacement during the useful life of the structure," as well as some undisclosed amount taken on sales tax. (*Id*. at ¶¶ 13-14.) On the basis of those allegations, the

3

Complaint asserts causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, declaratory relief, and violation of California Business & Professions Code § 17200 *et seq*.

9. CAFA reflects Congress's intent to have federal courts adjudicate substantial class action suits brought against out-of-state defendants. Toward that end, CAFA expands federal jurisdiction over class actions, and expressly provides that class actions filed in state court are removable to federal court where: (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a State different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *accord Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

10. This suit satisfies CAFA's requirements for federal jurisdiction. In addition, none of the exceptions to CAFA jurisdiction apply here. 28 U.S.C. § 1332(d).

**A.  The Putative Class Exceeds 100 Members.**

11. CAFA requires that the class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5). That requirement is met here because the Complaint explicitly alleges that the putative class "contains thousands of members." (Compl. at ¶ 21.)

**B.  Minimal Diversity Exists.**

12. The second CAFA requirement is minimal diversity - at least one putative class member and at least one defendant must be citizens of different states. 28 U.S.C. § 1332(d)(2).

13. Here, at least one putative class member is a citizen of the State of California, namely, Plaintiff G. Grant Johnson. (Compl. at ¶ 1.) Defendant Hartford Casualty is alleged to be a foreign corporation, and in fact, is incorporated under the laws of the State of Indiana, has its principal place of business in Connecticut, and is a citizen of Indiana and Connecticut for diversity

purposes. (*Id*. at ¶ 3); *see* 28 U.S.C. § 1332(c)(1). Thus, there is minimal diversity here. 28 U.S.C. § 1332(d)(2).

### C. The CAFA Amount in Controversy Requirement is Satisfied.

14. CAFA also requires that the aggregate amount in controversy exceed $5,000,000 for the entire putative class, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

15. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). As discussed below, Plaintiff's allegations and prayer for relief have more likely than not put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).

16. The proper burden of proof for Hartford Casualty to establish the amount in controversy is the preponderance of the evidence standard. *Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975, 981-82 (9th Cir. 2013). "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397-99 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

17. Plaintiff seeks to recover actual, exemplary and punitive damages, injunctive and declaratory relief, restitution and/or disgorgement of profits "in the form of excessive depreciation

1 withheld from payment" and attorneys' fees. (Compl. Prayer for Relief at ¶ b-l.) The Ninth Circuit has made clear that compensatory and punitive damages, attorneys' fees, and injunctive relief must be considered in determining the amount in controversy. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (value of requested injunctive relief). Based upon Plaintiff's allegations and theories (which Defendant disputes, but which control for removal purposes), the aggregate amount in controversy for Plaintiff's proposed class of California policyholders plainly exceeds $5,000,000.

18. In particular, as set forth in the Declaration of Edward Hammant ("Hammant Decl." attached as Exhibit B), the Hartford Entities received 31,079 property damage estimates for California insureds. (Hammant Decl. at ¶ 4.) Of these estimates, 17,359 were with depreciation. (Hammant Decl. at ¶ 5.) For these 17,359 individual estimates, the total amount of depreciation specifically associated with structural loss (as compared to contents) was $13,113,289.00. (Hammant Decl. at ¶ 6.)

19. Between 2011 and 2014, Hartford Casualty's percentage of earned premium collected amongst the Hartford Entities was 47% for property coverage sold to California policyholders like the Plaintiff. (Hammant Decl. at ¶ 3.)

20. Taking that percentage and applying it to the data referenced in Paragraph 18 concerning 17,359 individual estimates with depreciation, the total amount of depreciation for structural loss estimates attributable to Hartford Casualty is approximately $6,163,245.80. (Hammant Decl. at ¶¶ 4-8.) Accordingly, without even considering punitive damages, attorneys' fees or injunctive relief, the amount in controversy is satisfied. *See Unutoa v. Interstate Hotels & Resorts, Inc.*, No. 2:14-CV-09809-SVW-PJ, 2015 WL 898512, at *2 (C.D. Cal. Mar. 3, 2015) ("[A] court should deny a motion to remand where a defendant calculates the amount in

1 controversy by relying on the clear allegations of the complaint regarding the frequency of
2 violation and potential liability calculations supported by real evidence.").

3     21.    The Complaint also alleges Plaintiff's specific structural claim was underpaid by
4 $36,858.69. (Compl. at ¶ 13.) Plaintiff contends his claims are representative of other putative
5 class members because they "arise out of the improper settlement of property claims by the use of
6 improper depreciation methods that do not comport with the requirements of Insurance Code
7 section 2051(b)," and Hartford applies a "standard approach to depreciation for all partial property
8 losses." (Compl. at ¶ 23.) Taking these allegations made on behalf of the Class and coupling them
9 with Plaintiff's other allegations that he was (a) underpaid by $36,858 and (b) the Class contains
10 "thousands" of members," the amount in controversy based upon Plaintiff's averments plainly
11 exceeds $5,000,000.

12     22.    In addition to actual damages, Plaintiff seeks punitive damages pursuant to his
13 second cause of action for breach of the implied covenant of good faith and fair dealing. Defendant
14 does not concede punitive damages would ever be appropriate under the circumstances of this
15 case; nonetheless, where punitive damages are available under applicable law, they are considered
16 in determining the amount in controversy. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450
17 (S.D. Cal. 1995) (punitive damages recoverable against insurance company that breaches the
18 implied covenant of good faith and fair dealing).

19     23.    Moreover, attorneys' fees are properly included in the amount in controversy if an
20 underlying statute or contract authorizes an award of attorneys' fees. *Guglielmino v. McKee Foods*
21 *Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart Stores, Inc.*, No. Civ. S-06-cv-2573
22 DFL KJM, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007) ("Attorney's fees, if authorized by
23 statute or contract, are also part of the calculation."). Here, Plaintiff specifically demands
24 attorneys' fees pursuant to California Code of Civil Procedure § 1021.5. In addition, under

California law, a plaintiff may recover attorneys' fees for an insurer's breach of the obligation of good faith and fair dealing. Although Defendant disputes Plaintiff's entitlement to recover fees, a fair estimate of potential attorneys' fees would be 25% of compensatory damages. *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees." (internal quotation marks omitted)).

24. Finally, Plaintiff seeks injunctive and declaratory relief, including restitution and disgorgement, the value of which should be included within the total amount in controversy. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (including the value of requested injunctive relief in the amount in controversy).

25. For all the foregoing reasons, it is evident that the $5,000,000 CAFA amount in controversy requirement is satisfied here.

**D. The Exceptions to CAFA Jurisdiction Do Not Apply.**

26. CAFA provides two mandatory exceptions and one discretionary exception to the application of federal jurisdiction. 28 U.S.C. § 1332(d)(3)-(4). In this case it is clear that no exception applies. Each CAFA exception requires, as a starting point, an in-state defendant. U.S.C. § 1332(d)(3)-(4) (local controversy CAFA exception requires that "significant relief" be sought from an in-state defendant; home state and discretionary CAFA exceptions require that all "primary defendants" be resident defendants). Here, the sole Defendant, Hartford Casualty, is not a resident of California. Indeed, Plaintiff concedes as much. (Compl. at ¶ 3.) As such, none of the CAFA exceptions can possibly apply here.

27. Accordingly, because the CAFA prerequisites are met and none of the exceptions apply, this case is properly removable under CAFA.

**II.     This Court Has Jurisdiction Over This Action Under 28 U.S.C. § 1332.**

28.     As previously set forth, the sole named plaintiff in this putative class action is alleged to be a citizen of California, while Hartford Casualty is an Indiana corporation with its principal place of business in Hartford, Connecticut. (Compl. ¶¶ 1, 3.) Thus, there is complete diversity between Plaintiff and Hartford Casualty.

29.     The United States Supreme Court has established that, in the putative class action context, the amount in controversy requirement is satisfied where at least one plaintiff individually meets the $75,000 threshold. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (holding that where "at least one named plaintiff in the action satisfied the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other Plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount").

30.     Here, the amount in controversy exceeds $75,000 individually as to the named Plaintiff.

31.     Plaintiff alleges that Hartford Casualty "unlawfully" took depreciation in the amount of $36,858.69 on items "not normally subject to repair and replacement during the useful life of the structure." (Compl. at ¶ 13.) In addition to a breach of contract claim, however, Plaintiff also seeks punitive damages, injunctive relief, restitution and/or disgorgement of profits "in the form of excessive depreciation withheld from payment" and attorneys' fees and costs. (*See e.g.* Compl. Prayer for Relief at ¶ b-l.) As set forth above, all of these are considered when determining the amount of controversy. *See, supra*, ¶ 17.

32.     When considering the $36,858.69 in actual damages alleged in the Complaint with Plaintiff's additional request for punitive damages, attorneys' fees, injunctive relief, and restitution/disgorgement of profits, there can be little question that the *total* amount in controversy

DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

for this matter reaches considerably higher than $75,000.00. *See, supra*, ¶¶ 21-24. In fact, even putting aside the Plaintiff's request for attorneys' fees, injunctive relief and restitution/disgorgement, simply applying a punitive to compensatory damages ratio of just over 1:1 would satisfy the amount in controversy requirement.

33. In sum, the amount in controversy clearly exceeds the $75,000 threshold required for diversity jurisdiction. Based on complete diversity of citizenship between the parties, in addition to CAFA, this action is also removable under 28 U.S.C. § 1332, 28 U.S.C. § 1367, and 28 U.S.C. § 1441.

WHEREFORE, Defendant hereby gives notice that all further proceedings in this matter shall take place in the United States District Court for the Northern District of California, unless and until held otherwise by that Court.

DATED: September 11, 2015                MAYNARD COOPER AND GALE LLP


BY:   /s/ Linda B. Oliver
        LINDA B. OLIVER

Attorney for Defendant
Harford Casualty Insurance Company

**PROOF OF SERVICE**

I am employed in the County of San Francisco State of California. I am over the age of eighteen years and not a party to this action. My business address is 275 Battery Street, Suite 1350, San Francisco, CA 94111. On June 12, 2015, I served a copy of the following documents:

DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

X_ BY OVERNIGHT COURIER: I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the FedEx office at San Francisco, California addressed as set forth below.

Michael Von Lowenfeldt, Esq.
Ivo Labar, Esq.
Jennifer Freeland, Esq.
KERR & WAGSTAFFE LLP
101 Mission Street, 18th Fl.
San Francisco, CA 94105-1727
Telephone (415) 371-8500

Attorneys for Plaintiff G. GRANT JOHNSON

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on September 11, 2015, at San Francisco, California.

_____
Mila Dunn