# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. GRANT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 15-cv-04138-WHO<br><br>**ORDER GRANTING PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 85 |

This action is pending before this Court as a certified class action (the "Civil Action"). The Plaintiff's Motion for Preliminary Approval of Class Action Settlement came before this Court, on April 11, 2018. The Court, having considered the proposed Class Action Settlement Agreement and Release and the Exhibits attached thereto (hereafter collectively, the "Settlement Agreement"); the Motion for Preliminary Approval; the respective points and authorities and Declaration submitted by Plaintiff's counsel in support thereof; and good cause appearing, HEREBY ORDERS THE FOLLOWING:

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all terms defined herein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. The Court preliminarily finds that the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) are satisfied with respect to the Settlement Class and Components Subclass, for largely the same reasons that the Court stated in its prior orders certifying a litigation class and subclass. ECF No. 64. To the extent that the Settlement Class varies from the litigation class previously certified, by adding additional companies affiliated with Hartford Casualty Insurance Company and making other minor revisions and clarifications, those

changes do not affect the Court's finding that the class certification requirements are satisfied. The Court finds that the proposed Settlement Class and Components Subclass are so numerous that the joinder of all members is impracticable, and that there are questions of law or fact common to the Settlement Class and Components Subclass, as identified in the Court's prior orders. ECF No. 64. The Court also finds that the claims of the Plaintiff are typical of the claims of the Class and Component Subclass, and that the Plaintiff will fairly and adequately protect the interests of the Class. Furthermore, the Court finds that the questions of law or fact common to the Class Members and Components Subclass predominate over any questions affecting only individual Class Members. Therefore, for settlement purposes only, the Court grants conditional certification of the following "Class":

> All policyholders (including both natural persons and entities) insured by an insurance policy underwritten by Hartford that insured one or more structures located in California who suffered a partial loss to a covered structure in California between August 13, 2011 and the date of the entry of this Order, and made an insurance claim with Hartford seeking coverage for that loss, excluding persons and entities that, as of the date of this Order: (a) were paid the limits of the policy's coverage for structural loss; (b) were paid full replacement cost for structural loss without deduction for depreciation; (c) whose actual cash value payment for the loss has not yet been made by Hartford; (d) whose claims were the subject of a pending individual lawsuit, other than this Civil Action; (e) whose claims were the subject of a release executed by the policyholder in favor of Hartford; and/or (f) whose claims were the subject of an ongoing or completed appraisal proceeding under the terms of an appraisal provision in an insurance policy issued by Hartford. In the event that a person or entity has made more than one insurance claim with Hartford for a partial loss to a covered structure during the Settlement Class Period, and one or more of those claims fall within exclusions (a) through (f) above but one or more other claims are not excluded, that person or entity will be a Class Member only with respect to those insurance claims that do not fall within exclusions (a) through (f) above.
>
> The term "partial loss" refers to any loss other than a total loss of a structure that was adjusted based on the fair market value of the structure or payment of the applicable policy limit. The term "covered structure" refers to any dwelling or building of any type for which coverage was provided under an insurance policy issued by Hartford. The term "structural loss" refers to any loss to a "covered structure." The term "full replacement cost" refers to the amount estimated by Hartford to constitute the replacement cost value of the structural loss to the extent covered by the policy, without deduction for depreciation, minus the applicable deductible.

Further, for settlement purposes only, the Court grants conditional certification of the following "Component Subclass":

> All members of the Class whose actual cash value payment was reduced by depreciation to one or more of the following structural components and who did not fully recover all depreciation in a subsequent claim for replacement class value: acoustical ceilings, baseboards, basement floor systems, bath cabinets, brick, ceilings and ceiling suspension, ceramic tile, cement, cement posts, chimneys, closet doors, closet shelves, concrete footings, concrete foundations, custom millwork, drywall, electrical wiring and insulation, engineered wood, exterior siding, fiber cement, fiberglass doors, fireplaces, floor trusses, framing, insulation, laminated strand lumber, lath, mantles, marble, natural stone, natural wood flooring, ornamental iron, plaster, plumbing, poured concrete structural systems, roof trusses, rough carpentry, rough structure, slate flagstone floors, stone, stucco, terrazzo, timber frames, toilets, trim, two-by-four studs, walls, wall panels, wood doors, and wood shutters.

3. This Court has personal jurisdiction over all Settlement Class Members because the Settlement Class Members are persons or entities that insured real property located in California, and the claims alleged concern insurance claims for damage to that property. This Court has personal jurisdiction over Hartford[1] because Hartford does business in California, the claims alleged arise out of the adjustment of insurance claims in California, and Hartford has consented to this Court's jurisdiction. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because there is diversity of citizenship between at least some Settlement Class Members and some of the Defendants, and the amount in controversy exceeds $5 million.

4. The Court appoints G. Grant Johnson as Settlement Class Representative for settlement purposes only.

5. The Court appoints Rust Consulting, Inc., as the Settlement Administrator, responsible for performing the obligations of the Settlement Administrator under the Settlement Agreement.

6. The Court appoints Plaintiff's counsel, Michael von Loewenfeldt, Esq, Ivo Labor, Esq., and Daniel J. Veroff, Esq. as Settlement Class Counsel for settlement purposes only.

---

[1] "Hartford" means, collectively Hartford Casualty Insurance Company, Hartford Accident and Indemnity Company, Hartford Fire Insurance Company, Hartford Insurance Company of the Midwest, Hartford Life Insurance Company, Hartford Underwriters Insurance Company, Property & Casualty Insurance Company of Hartford, Sentinel Insurance Company, Ltd., Trumbull Insurance Company, and Twin City Fire Insurance Company.

7. The Court appoints Peter S. Evans of Mill Valley, California as the Neutral Evaluator.

8. The Court preliminarily approves the Settlement Agreement as fair, adequate, and reasonable, and preliminarily approves the terms of the Settlement Agreement.

9. The Court hereby approves on a preliminary basis the compensation to the participating Settlement Class Members provided for in the Settlement Agreement. It appears to the Court on a preliminary basis that the settlement amount and terms are fair, adequate and reasonable as to all Class Members when balanced against the probable outcome of further litigation. It further appears that counsel for the Parties at this time are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Civil Action. It also appears that the Settlement has been reached as the result of intensive, serious and non-collusive, arms' length negotiations.

10. The Court approves the form and content of the proposed Settlement Notice attached as Exhibit A to Dkt. No. 93-1.

11. The Court finds that the distribution of the Settlement Notice substantially in the manner and form set forth in the Settlement Agreement and this Order: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Civil Action and of their right to object or to exclude themselves from the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice. The Court directs the Settlement Administrator to send the Settlement Notice by U.S. mail to the Class Members in accordance with the Settlement Agreement.

12. The Settlement Notice shall be mailed to the Class Members, and the Settlement Administrator shall establish the settlement website no later than May 16, 2018. If any Settlement Notice is returned undeliverable, the Settlement Administrator shall make a reasonable effort to find an updated address for the Class Member and promptly re-mail the Settlement Notice to the

1. new address. In the event that any Mailed Notice is returned as undeliverable a second time, no further mailing shall be required.

13. The Settlement Administrator shall mail the postcard reminder of the deadline to submit Claim Forms, opt-out notices and objections no later than June 18, 2018.

14. Any Class Member may opt out of the Settlement by submitting an opt-out request to the Settlement Administrator as instructed in the Settlement Notice by mail, postmarked no later than July 30, 2018. All opt-out requests must be submitted as provided in the Settlement Notice. In accordance with the Settlement Agreement, any Class Member who submits a valid and timely opt-out request shall not be a Settlement Class Member, shall be barred from participating in the Settlement, shall have no right to object to the Settlement, and shall receive no benefit from the Settlement.

15. If a Final Order and Judgment is entered approving the Settlement, Class Members who have not submitted a valid and timely opt-out request shall be bound by all determinations of the Court, the Settlement Agreement (including but not limited to the Releases therein) and Judgment, even if such Settlement Class Member never submitted a Claim Form. If a Final Order and Judgment is entered approving the Settlement, all Settlement Class Members who have not made timely, written requests for exclusion shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

16. Any Class Member who does not opt out of the Class may mail an objection to the settlement to the Clerk of Court as instructed in the Settlement Notice, or may file a motion to intervene. All written objections and supporting papers should: (1) clearly identify the case name and number (*Johnson v. Hartford Casualty Ins. Co*., Case No. 3:15-cv-4138-WHO), (2) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, and (3) be filed or postmarked on or before July 30, 2018.

17. Any Class Member who fails to submit timely written objections and/or file a motion to intervene with the Clerk of Court in the manner specified in the Settlement Agreement may be deemed to have waived any objections and may be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. .

18. Settlement Class Members have the right to exclude themselves from the Settlement and pursue a separate and independent remedy against Hartford by complying with the exclusion provisions set forth herein. Settlement Class Members who object to the Settlement shall remain Settlement Class Members, and have voluntarily waived their right to pursue an independent remedy against Hartford. To the extent any Settlement Class Member objects to the Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Order and Judgment of the Court.

19. The Court further finds that the Class Action Fairness Act Notice provided by the Settlement Administrator on behalf of Hartford pursuant to the Settlement Agreement, as verified in the Declaration of Jason Stinehart [ECF No. 89], was in compliance with 28 U.S.C. § 1715(b), and that the Class Action Fairness Act Notice was given more than 90 days prior to any order of final approval, in accordance with 28 U.S.C. § 1715(d).

20. A Final Approval Hearing is scheduled for September 19, 2018, at Courtroom 2 of the United States District Courthouse, 450 Golden Gate Avenue, San Francisco, California, 94102 to determine all necessary matters concerning the Settlement, including: (a) whether the proposed settlement of the Civil Action on the terms and conditions provided for in the Settlement Agreement is fair, adequate and reasonable and should be finally approved by the Court; (b) whether a Final Order and Judgment, as provided in the Settlement Agreement, should be entered herein; (c) whether the compensation to the participating Settlement Class Members contained in the Settlement Agreement should be approved as fair, adequate, and reasonable to the participating Settlement Class Members; and (d) to make, in the Court's discretion, an award of attorneys' fees and expenses to Settlement Class Counsel (subject to the limitations of Paragraph II.13 of the Settlement Agreement) and an Enhancement Award, if any, to the Settlement Class Representative (subject to the limitations of Paragraph II.14 of the Settlement Agreement). The date of the Final

Approval Hearing may be changed by the Court, with notice provided only on the Court's docket on PACER (http://ecf.cand.uscourts.gov) and the settlement website.

21. Settlement Class Counsel shall file any papers in support of their requested award of attorneys' fees and expenses and the Settlement Class Representative's Enhancement Award no later than July 13, 2018.

22. Counsel for the Parties shall serve and file any response to any objections to the Settlement, a Motion for Final Approval, and any papers in support of final approval of the Settlement on or before August 22, 2018.

23. The Settlement Agreement is not a concession or admission, and shall not be used against Hartford or any of the Released Parties as an admission or indication with respect to any claim of any fault or omission by Hartford or any of the Released Parties. In the event the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Settlement Agreement. Whether or not the Settlement Agreement is finally approved, neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounts thereof, shall in any event be deemed or construed to be an admission or evidence of any violation of any statute or law, of any liability or wrongdoing by Hartford or of the truth of any of the claims or allegations contained in Complaint; and evidence thereof shall not be discoverable or used directly or indirectly by the Class or any third party, in any way for any purpose, except that the provisions of this Agreement may be used by the Parties to enforce its terms, whether in this action or in any other action or proceeding.

24. Pending the Final Approval Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are stayed.

25. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

26. The Court orders the following Implementation Schedule for further proceedings:

   a. The Settlement Administrator will mail the Settlement Notice to the Class Members and launch the Settlement website on or before May 16, 2018.

   b. The Settlement Administrator will mail to the Class Members the postcard reminder of the deadline to submit Claim Forms, Opt-Out notices, and Objections on or before June 18, 2018.

   c. Settlement Class Counsel will file a motion for award of attorneys' fees, reimbursement of litigation expenses, and a Settlement Class Representative Enhancement Award on or before July 13, 2018.

   d. Claim Forms, Opt-out notices, and Objections must be mailed to the Settlement Administrator as provided in the Settlement Notice and postmarked no later than July 30, 2018.

   e. The Settlement Administrator shall contact Class Members who submitted an illegible or otherwise invalid Claim Form no later than August 13, 2018.

   f. Class Members who submitted an illegible or otherwise invalid Claim Form must resubmit a valid Claim Form no later than August 27, 2018.

   g. The Settlement Administrator will file a declaration of compliance regarding completion of notice, and the number and names of opt outs, on or before September 10, 2018.

   h. The Parties will file a motion for Final Approval and supporting documents thereto, and respond to objections on or before August 22, 2018.

   i. The Final Approval Hearing will be held on September 19, 2018 at 2:00 P.M. in this Courtroom.

27. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates set forth above per the Settlement Agreement without further notice to Class

8

Members except on the Court's docket available on PACER (http://ecf.cand.uscourts.gov) and the settlement website. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

Dated: April 13, 2018

William H. Orrick
United States District Judge