MICHAEL VON LOEWENFELDT (178665)
IVO LABAR (203492)
DANIEL J. VEROFF (291492)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105–1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
Email: mvl@kerrwagstaffe.com
Email: labar@kerrwagstaffe.com
Email: veroff@kerrwagstaffe.com

Attorneys for Plaintiffs
G. GRANT JOHNSON and the Settlement Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| G. GRANT JOHNSON, an individual, on behalf of himself and a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 3:15-cv-04138-WHO<br><br>**ORDER GRANTING MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES, COSTS, AND PLAINTIFF INCENTIVE AWARD**<br><br>DATE: September 19, 2018<br>TIME: 2:00 PM<br>DEPT: Courtroom 2, 17th Floor |

1	On September 19, 2018, a hearing was held on the Motion For Final Approval Of Class Action Settlement. The settlement was preliminarily approved by this Court in its April 13, 2018 Order (the "Preliminary Approval Order", ECF No. 94). A hearing was also held on Plaintiffs' motion for award of attorneys' fees, costs, and plaintiff incentive award. Plaintiffs' motion was filed two weeks before the objection deadline and posted on the administrator's website. Class members were informed of this procedure by the Notice, which also advised class members of the maximum amounts that would be requested.

Having received and considered the Settlement Agreement (ECF No. 85-4), the supporting papers filed by the parties, the response of the Class Members to the Notice, and the argument received by the Court at the final hearing, the Court grants final approval to the class action settlement, grants the motion for an award of attorneys' fees, costs, and plaintiff incentive award, and HEREBY FINDS AND ORDERS as follows:

1. Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all related matters and all claims raised in this action and released in the Settlement Agreement, and personal jurisdiction over all parties before it, for the reasons stated in the Preliminary Approval Order.

3. Pursuant to the Preliminary Approval Order, a Notice of Class Action Settlement (the "Class Notice") was sent by U.S. Mail to each potential Class Member as reflected in Defendants' search of their records. These documents informed Class Members of the terms of the Settlement Agreement, their right to claim a share of the settlement proceeds and the procedure therefor, their right to object to the Settlement Agreement or to opt out of the Settlement Agreement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement Agreement. Notice was provided with ample time for the Class Members to follow these procedures.

4. This Court finds that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement Agreement based on the response of the Class Members. Notice was accomplished in all material respects in the manner prescribed by the Settlement Agreement and the Court's Preliminary Approval Order. The Court finds that the notice provided in this case was the best notice practicable, and satisfied the requirements of law and due process.

5. For the reasons stated in the Preliminary Approval Order, this Court finds that the proposed Class, as defined in ¶ I.3 of the Settlement Agreement and in ¶ 2 of the Preliminary Approval Order, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that certification of the Class is finally approved for purposes of settlement of this action.

    a. The certified Class is defined as:

All policyholders (including both natural persons and entities) insured by an insurance policy underwritten by Hartford that insured one or more structures located in California who suffered a partial loss to a covered structure in California between August 13, 2011 and April 13, 2018, and made an insurance claim with Hartford seeking coverage for that loss, excluding persons and entities that, as of April 13, 2018: (a) were paid the limits of the policy's coverage for structural loss; (b) were paid full replacement cost for structural loss without deduction for depreciation; (c) whose actual cash value payment for the loss has not yet been made by Hartford; (d) whose claims were the subject of a pending individual lawsuit, other than this Civil Action; (e) whose claims were the subject of a release executed by the policyholder in favor of Hartford; and/or (f) whose claims were the subject of an ongoing or completed appraisal proceeding under the terms of an appraisal provision in an insurance policy issued by Hartford. In the event that a person or entity has made more than one insurance claim with Hartford for a partial loss to a covered structure during the Settlement Class Period, and one or more of those claims fall within exclusions (a) through (f) above but one or more other claims are not excluded, that person or entity will be a Class Member only with respect to those insurance claims that do not fall within exclusions (a) through (f) above.

The term "partial loss" refers to any loss other than a total loss of a structure that was adjusted based on the fair market value of the structure or payment of the applicable policy limit. The term "covered structure" refers to any dwelling or building of any type for which coverage was provided under an insurance policy issued by Hartford. The term "structural loss" refers to any loss to a "covered structure." The term "full replacement cost" refers to the

amount estimated by Hartford to constitute the replacement cost value of the structural loss to the extent covered by the policy, without deduction for depreciation, minus the applicable deductible.

    b.      The certified Component Subclass is defined as:

All members of the Class whose actual cash value payment was reduced by depreciation to one or more of the following structural components and who did not fully recover all depreciation in a subsequent claim for replacement class value: acoustical ceilings, baseboards, basement floor systems, bath cabinets, brick, ceilings and ceiling suspension, ceramic tile, cement, cement posts, chimneys, closet doors, closet shelves, concrete footings, concrete foundations, custom millwork, drywall, electrical wiring and insulation, engineered wood, exterior siding, fiber cement, fiberglass doors, fireplaces, floor trusses, framing, insulation, laminated strand lumber, lath, mantles, marble, natural stone, natural wood flooring, ornamental iron, plaster, plumbing, poured concrete structural systems, roof trusses, rough carpentry, rough structure, slate flagstone floors, stone, stucco, terrazzo, timber frames, toilets, trim, two-by-four studs, walls, wall panels, wood doors, and wood shutters.

6.     The Court finds that the individuals and entities listed on Exhibit C to the Declaration of Jason Stinehart filed on August 22, 2018 have properly opted out of the Class and are not bound by the judgment or release in this action.

7.     The Court confirms as final the appointment of Plaintiff G. Grant Johnson as the Class Representative under Rule 23.

8.     The Court confirms as final the appointment of Kerr & Wagstaffe LLP as Class Counsel.

9.     The Court confirms as final the appointment of Peter S. Evans of Mill Valley, California as the Neutral Evaluator.

10.    The Court finds that the Settlement Agreement is rationally related to the strengths and weaknesses of Plaintiff's claims given the risks, expense, complexity, and duration of further litigation. The Court also finds that the Settlement Agreement is the result of arms' length negotiations between experienced counsel representing the interests of the Class and Defendants, after thorough factual and legal investigation and mediation with an experienced and impartial mediator. The Court further finds that the Settlement Agreement is not the product of

fraud or overreaching by, or collusion between, the negotiating parties.  The Court also finds that the response of the Class to the Settlement Agreement supports settlement approval.  The Court notes that no objection was filed by any Class Member, and none of the federal and state agencies to which notice was given under the Class Action Fairness Act has objected to the Settlement Agreement.  Accordingly, pursuant to Rule 23(e), the Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate to the Class and to each Class Member.

11. The Court grants final approval to the Settlement Agreement, and orders the parties to implement, and comply with, its terms.

12. All Class Members other than the individuals and entities listed on Exhibit C to the Declaration of Jason Stinehart filed on August 22, 2018 are hereby fully and finally bound by all determinations of the Court, the Settlement Agreement (including but not limited to the Releases therein) and this Final Approval Order and Judgment.  All Releasors other than the individuals and entities listed on Exhibit C to the Declaration of Jason Stinehart filed on August 22, 2018 and/or their representatives shall be conclusively deemed to have fully and finally released all of the Released Persons from any and all Released Claims.

13. Nothing in this Final Approval Order will preclude any action to enforce the parties' obligations under the Settlement Agreement or under this Order.

14. Class counsel, Kerr & Wagstaffe LLP, are awarded $900,000 in attorneys' fees, to be paid by Hartford pursuant to the terms of the settlement.  The Court finds that this amount is reasonable and justified under both the lodestar and percentage methods.

    a. Class counsel have submitted contemporaneous time records demonstrating that they spent over 1,325 hours on this matter as set forth in the declaration of Michael von Loewenfeldt.  This amounts to $699,111 of hourly work at counsel's claimed rates. Having reviewed the submission, the Court finds that the billing rates used by class counsel to calculate the lodestar are reasonable and generally in line with prevailing rates in this District for personnel of comparable experience, skill, and reputation. The Court also finds that, based on careful review of the documentation provided by class counsel and its own knowledge of this

case, the number of hours expended in this action was reasonable. Class counsel's requested $900,000 fee represents a lodestar multiplier of 1.287. That multiplier is reasonable based on the reasons provided, and the cases cited, in the moving papers. In addition, class counsel's time preparing the final approval motion was not included in their submission, and they will have future work to perform in administering the settlement. For all of these reasons, the Court finds that $900,000 is a reasonable award.

  b. The requested fee is also reasonable as a percentage of the settlement. The Ninth Circuit has adopted a 25% presumptive benchmark for recovery of fees. *In re Online DVD-Rental* Antitrust *Litig.*, 779 F.3d 934, 949 (9th Cir. 2015). In the Ninth Circuit, the percentage method is based on the gross settlement fund, not the amount claimed. *See Lopez v. Youngblood*, CV-F-07-0474 DLB, 2011 U.S. Dist. LEXIS 99289, 2011 WL 10483569, at *12 (E.D. Cal. Sept. 2, 2011) ("[w]here there is a claims-made settlement, . . . the percentage of the fund approach in the Ninth Circuit is based on the total money available to class members, plus costs (including class administrative costs) and fees") (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) and *Williams v. MGM-Pathe Communs. Co.*, 129 F.3d 1026 (9th Cir. 1997)). Here, the settlement has an estimated potential value to the Class of approximately $5 million. (von Loewenfeldt Decl. 14.) Attorneys' fees are paid in addition to the amounts claimed by class members, and should thus be added to the pool to determine the applicable percentage. (ECF No. 85-4 (Settlement Agreement) § II ¶ 13.) *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 U.S. Dist. LEXIS 99289, at *33-35 (E.D. Cal. Sep. 1, 2011). The awarded $900,000 fee is thus only 15% of the $5 million potential settlement value, clearly a reasonable percentage.

  15. Class counsel is also entitled to recover "those out-of-pocket expenses that would normally be charged to a fee paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (internal quotation marks omitted). Class counsel seeks reimbursement of $72,000 in litigation costs. Class counsel has presented adequate documentation of those costs, including mediation fees for three mediations, travel, research, printing, postage, service charges, and filing fees. The Court, upon review of counsel's filings, finds the request for costs reasonable, and therefore

grants class counsel's request for costs of $72,000. That amount shall be paid to Class counsel by Hartford pursuant to the settlement.

16. The class representative, G. Grant Johnson, is awarded an incentive award of $10,000. That amount is supported by Mr. Johnson's efforts, his granting of a broader release than that provided by the class, and by awards in other cases. *See*, *e.g.*, *Low v. Trump Univ.*, No. 310CV00940GPCWVG, 2017 WL 1275191, at *16 (S.D. Cal. Mar. 31, 2017); *In re Cathode Ray Tube,* No. 1917, 2016 WL 4126533, at *12 (N.D. Cal. Aug. 3, 2016); *Mirkarimi v. Nevada Prop.,* No. 12CV2160 BTM (DHB), 2016 WL 795878, at *6 (S.D. Cal. Feb. 29, 2016); *Smith v. CRST Van*, No. 10-CV-1116-IEG WMC, 2013 WL 163293, at *6 (S.D. Cal. Jan. 14, 2013). The incentive award shall be paid by Hartford pursuant to the terms of the settlement.

17. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for the purposes of implementation and enforcement of the Settlement Agreement.

IT IS SO ORDERED.

DATED: September 20, 2018

Hon. William H. Orrick
United States District Judge